Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

# CIVIL APPEAL STATEMENT

*Please TYPE. Attach additional pages if necessary.*

11th Circuit Docket Number: 26-12667-C

Caption:

Defense Distributed, et al.
v.
John Elik, et al.

District and Division: S.D. Fla., West Palm Beach
Name of Judge: Donald M. Middlebrooks
Nature of Suit: Civil RICO; Lanham Act; tortious interference

Date Complaint Filed: September 25, 2025
District Court Docket Number: 9:25-cv-81197-DMM

Date Notice of Appeal Filed: August 10, 2026
X Cross Appeal ☐ Class Action

Has this matter previously been before this court?
☐ Yes X No
If Yes, provide
(a) Caption: ____________
(b) Citation: ____________
(c) Docket Number: ____________

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant:<br>X Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Howard Foster | Foster PC<br>155 N. Wacker Dr. #4250<br>Chicago, IL 60606 | 312-726-1600<br>hfoster@fosterpc.com |
| For Appellee:<br>☐ Plaintiff<br>X Defendant<br>☐ Other (Specify) | Gary C. De Pury (Holladay)<br>Matthew Larosiere (Elik, Larosiere, Stroke, Lettman)<br>Zachary Z. Zermay (Clark) | 21035 Leonard Rd., Lutz, FL 33558<br>6964 Houlton Cir., Lake Worth, FL 33467<br>1200 Fourth St. #1102, Key West, FL 33040 | gary@depury.com \| 813-607-6404<br>larosieremm@gmail.com \| 561-452-7575<br>zach@zermaylaw.com \| 305-767-3529 |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| X Federal Question<br>X Diversity<br>☐ US Plaintiff<br>☐ US Defendant | X Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☐ Dismissal/Jurisdiction<br>☐ Default Judgment<br>X Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>X Other Rule 11 / counterclaims | Amount Sought by Plaintiff: $ $3,000,000+<br>Amount Sought by Defendant: $ Unliquidated<br>Awarded: $ $0 to Plaintiffs<br>Injunctions:<br>☐ TRO<br>X Preliminary ☐ Granted<br>X Permanent X Denied |

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression? ☒ Yes ☐ No
What is the issue you claim is one of First Impression? Whether an amendment deadline bars counterclaims in the first timely answer.

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute? ☒ Yes ☐ No

If Yes, provide
(a) Case Name/Statute Hartman v. Does 1-2; Fed. R. Civ. P. 7, 11-13 & 16; 18 U.S.C. § 1343
(b) Citation No. 23-13473, 2025 WL 398846 (11th Cir. Feb. 4, 2025)
(c) Docket Number if unreported 23-13473

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal? ☒ Yes ☐ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal? ☒ Yes ☐ No

If Yes, provide
(a) Case Name Defense Distributed, et al. v. John Elik, et al.
(b) Citation Unreported
(c) Docket Number if unreported 26-11420
(d) Court or Agency U.S. Court of Appeals for the Eleventh Circuit

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit? ☐ Yes ☒ No
(b) Among circuits? ☐ Yes ☒ No

If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

1. Whether the district court committed legal error by treating the Scheduling Order's deadline to amend pleadings and join parties as a bar to counterclaims and additional counterclaim defendants asserted in Cross-Appellants' first and only answer, a timely original pleading filed when Rule 12(a)(4)(A) required after denial of pre-answer motions and, alternatively, abused its discretion by denying Rule 16 modification, nunc pro tunc leave, and a separate counterclaim schedule.

2. Whether the district court abused its discretion by denying the Rule 11 motions (DE 23, 181) without an evidentiary hearing or meaningful findings concerning objective frivolousness, the lack of a reasonable prefiling inquiry, the lack of evidentiary support, or improper purpose, where Plaintiffs: (i) repeatedly represented that Hartman v. Does 1–2 approved wire-fraud RICO liability based on online criticism, a misrepresentation on which the court relied in denying dismissal before later acknowledging that Hartman expressly decided no such issue, revising its earlier ruling, and entering summary judgment for Defendants; and (ii) specifically alleged that interviews with former customers had confirmed that Defendants' conduct caused customers to leave, and repeatedly invoked customer exit surveys and customer reports as evidence of causation, yet never produced the promised customer testimony or other customer-level evidence linking any cancellation, lost sale, or terminated relationship to any statement by any Defendant.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 24th DAY OF August, 2026.

Matthew Larosiere
NAME OF COUNSEL (Print)

M Larosiere
SIGNATURE OF COUNSEL